**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Anthony Gregory LaPointe,
Plaintiff
-vs-
Corizon, et al.,
Defendants.

CV-16-3809-PHX-DJH (JFM)

**Report & Recommendation
re Dismissal of Defendant**

Plaintiff has failed to effect timely service on Defendant John Doe #1.

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Local Civil Rule 16.2(b)(2)(B), which governs prisoner civil rights suits, provides that service shall be completed by the "maximum date to effect service, pursuant to Rule 4 of the Federal Rules of Civil Procedure, or sixty (60) days from filing of service order, whichever is later."   Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service. *See Walker v. Sumner,* 14 F.3d 1415 (9th Cir. 1994).

Plaintiff's First Amended Complaint (Doc. 11) was filed on February 10, 2017. The Service Order directing a response from Defendant Doe #1 was filed on May 11, 2017 (Doc. 14.)   Under the rules, the deadline for service expired on July 10, 2017. Plaintiff was made aware of that deadline in the Court's Scheduling Order filed August 21, 2017 (Doc. 38).

After allowing time for Plaintiff to discover the identity of Defendant Doe #1, the Court ordered Plaintiff to show cause why such defendant should not be dismissed for

1

failure to effect timely service. (Order 12/22/17, Doc. 64.)  On December 20, 2017, Plaintiff responded (Doc. 66).  The Court liberally construed that filing as a motion to extend the time to serve Defendant John Doe #1, and denied the motion as failing to show good cause under *Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991), or excusable neglect under *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009) and *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-1224 (9th Cir.2000), to justify an extension.  (Order 1/3/18, Doc. 70.)  Plaintiff has not objected to that Order, and the time to do so has expired.  *See* Fed. R. Civ. P. 72 (14 days to object).

For the reasons reflected in the Order filed January 3, 2018 (Doc. 70), the undersigned again finds, for purposes of this Report and Recommendation, that Plaintiff has shown no good cause or excusable neglect to extend the time for service on Defendant John Doe #1.

**IT IS THEREFORE RECOMMENDED** that Defendant John Doe #1 be **DISMISSED WITHOUT PREJUDICE** for failure to effect timely service.

### EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: January 31, 2018

16-3809o Order 18 01 30 re RR Dismiss FTSrv.docx

James F. Metcalf
United States Magistrate Judge

3